```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NASIR FINNEMEN,<br><br>         Plaintiff,<br><br>v.<br><br>CARL GRIECO, HON. NAN S. FAMULAR, RICHARD P. ABEL, KRISTINA G. MURTHA, ASH #329, JOHN DOES 1-2, GILBERT L. WILSON "Whip," SHERIFF OFFICERS, CAMDEN COUNTY POLICE OFFICER JOHN DOES, METRO SELF STORAGE, DEBBIE LNU, MIKE LNU, FORECLOSURE CLEAN UP SERVICES, WORKERS JOHN DOES 1-5, and DANA L. REDD,<br><br>         Defendants. | 1:20-cv-07040-NLH-JS<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

**APPEARANCES:**

NASIR FINNEMEN
1520 BELFIELD AVE.
APT. 4
ATLANTIC CITY, NJ 08401

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Nasir Finnemen, appearing *pro se*, filed a complaint against numerous defendants arising out of an eviction from his home in June 2018 that resulted in his personal belongings being stolen; and

WHEREAS, on June 12, 2020, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(a)(1) because Plaintiff filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); and

WHEREAS, the Court found that Plaintiff's complaint was deficient in four significant ways: (1) Plaintiff did not plead what Constitutional provision or federal law Defendants allegedly violated, (2) if Plaintiff's case was premised on diversity of citizenship instead for state law claims, Plaintiff failed to plead the citizenship of the parties; (3) Plaintiff failed to state a specific legal basis for his claims, which is necessary to establish subject matter jurisdiction, and (4) Plaintiff's complaint failed to comply with Fed. R. Civ. P. 8(d)(1), which requires that "[e]ach allegation" in a complaint "must be simple, concise, and direct" (Docket No. 2); and

WHEREAS, the Court granted Plaintiff's IFP application, and provided Plaintiff with 20 days to amend his complaint to properly cure the noted deficiencies, but the Court further

2

provided that if Plaintiff failed to do so, his case would be dismissed for lack of subject matter jurisdiction; and

    WHEREAS, Plaintiff timely filed a response to the Court's Order; and

    WHEREAS, Plaintiff requests that the Court stay his case while he finds an attorney to represent him (Docket No. 3);

    THEREFORE,

    IT IS on this __7th__ day of __July__, 2020

    ORDERED that Plaintiff's request to stay his case is GRANTED; and it is further

    ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this action; and it is further

    ORDERED that Plaintiff shall have 90 days to obtain counsel or otherwise contact the Court regarding his efforts to secure an attorney and his desire to continue to pursue his claims; and it is finally

    ORDERED that if Plaintiff fails to do so within 90 days, Plaintiff's complaint will be dismissed without prejudice.

At Camden, New Jersey                      s/ Noel L. Hillman
                                              NOEL L. HILLMAN, U.S.D.J.